RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender
SUNETHRA MURALIDHARA
Assistant Federal Public Defender
Nevada State Bar No. 13549
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Nisha_Brooks-Whittington@fd.org
Sunethra_Muralidhara@fd.org

Attorney for Harrison Johnson

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-cr-336-JAD-CWH |
| Respondent/Plaintiff, | |
| v. | **REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO VACATE, SET ASIDE, OR CORRECT CRIMINAL CONVICTIONS AND SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| HARRISON JOHNSON, | |
| Petitioner/Defendant. | |

CERTIFICATION:  Undersigned counsels certify that this Reply is timely filed.

Petitioner/Defendant, HARRISON JOHNSON, through undersigned counsel, Assistant Federal Public Defenders NISHA BROOKS-WHITTINGTON and SUNETHRA MURALIDHARA, file the instant Reply to Government's Opposition to Motion to Vacate, Set Aside or Correct Criminal Convictions and Sentence Pursuant to

/ / /

/ / /

/ / /

28 U.S.C. § 2255.   This Reply is based upon the attached Memorandum of Points and Authorities and all pleadings filed herein.

DATED this 17th day of March, 2017.

RENE L. VALLADARES
Federal Public Defender

By:   /s/ Nisha Brooks-Whittington

NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender

By:   /s/ Sunethra Muralidhara

SUNETHRA MURALIDHARA
Assistant Federal Public Defender

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   PROCEDURAL HISTORY

3

4

5

6

7

8

9

10

11

On June 21, 2016, Mr. Harrison Johnson ("Mr. Johnson") filed an Abridged Motion to Vacate, Set Aside or Correct Criminal Convictions and Sentence under 28 U.S.C. § 2255 ("Motion to Vacate") seeking sentencing relief under the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) which announced a new substantive rule that has retroactive effect in cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257 (2016). ECF No. 41.   On December 13, 2016, Mr. Johnson filed his supplemental Motion to Vacate.  ECF No. 42.  On February 16, 2017, the government filed an Opposition to Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Opposition to Motion to Vacate").  ECF No. 44.

12

13

14

15

16

17

The government argues that Mr. Johnson's Motion to Vacate should be denied because: (1) his motion is barred by the collateral attack waiver in his plea agreement; (2) he waived his challenge to the indictment by not raising it in a pretrial motion; (3) *Johnson* does not apply to the residual clause in 18 U.S.C. § 924(c); and (4) his underlying conviction for attempt Hobbs act robbery qualifies as a crime of violence under the force clause.[1]  None of the government's arguments have merit.

18

## II.   ARGUMENT

19

20

21

22

23

24

Contrary to the government's argument, Mr. Johnson did not waive his right to collaterally attack his illegal sentence.  Additionally, Mr. Johnson did not waive his right to challenge the indictment and *Johnson* is applicable to 18 U.S.C. § 924(c) under binding Ninth Circuit precedent.  Lastly, Mr. Johnson's underlying offense for attempt Hobbs act robbery is not a crime of violence post-*Johnson*.  As a result, this Court should grant Mr. Johnson's Motion to Vacate.

25

26

_____

[1] The government ignores Mr. Johnson's argument that his *attempt* Hobbs Act robbery is not a crime of violence and instead focuses on the completed offense of Hobbs Act robbery to argue it is a crime of violence.

3

1

2

     **A.**    **Mr. Johnson Did Not Waive His Right to Collaterally Attack an Illegal Sentence.**

3

     The government argues the collateral attack waiver in Mr. Johnson's plea agreement

4 bars his current request for relief under *Johnson*.  ECF No. 44 at 9.  However, the waiver is

5 unenforceable and does not foreclose this Court's ability to correct Mr. Johnson's illegal

6 sentence.  The Ninth Circuit held with finality that a sentence is "illegal" and the plea waiver

7 cannot be enforced when the sentence could have been based on the now unconstitutional

8 residual clause.  *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016); *Lilley v. United*

9 *States*, Case No. 2:16-cv-00410-JLR, 2016 WL 6997037, *4 (W.D. Wash. Nov. 30, 2016) ("the

10 court concludes that Mr. Lilley's waiver of his right to bring a collateral attack on his sentence

11 does not apply to the instant Section 2255 petition based on *Johnson*. Whether the collateral-

12 attack waiver may be enforced and whether Mr. Lilley has proved a valid constitutional claim

13 under *Johnson* collapse into the same inquiry. Because the court ultimately concludes that Mr.

14 Lilley's sentence violates the Constitution … his waiver of collateral review does not bar his

15 claim.").

16      In addition to *Torres*, the Sixth Circuit and district courts within this Circuit have held

17 plea agreement waivers unenforceable when the sentence being served is unconstitutional.  *See*

18 *United States v. McBride*, 826 F.3d 293, 295 (6th Cir. 2016) (holding that a defendant can

19 abandon only a known right and could not have intentionally relinquished a claim based on

20 *Johnson*, which was decided after his sentencing); *United States v. Edmondson*, 2:13-CR-0144-

21 RMP, ECF No. 76 (E.D. Wash. July 5, 2016) (*Johnson* claim not barred by the collateral attack

22 wavier because defendant's sentence violates the law); *United States v. Mutschler*, CR-14-328-

23 TSZ, 2016 WL 337514 (W.D. Wash. Jan. 7, 2016) (finding that district courts should rigorously

24 assess whether a unilateral waiver of appellate rights is acceptable in each case and holding that

25 government's attempt to require a defendant to waive his right to challenge future sentencing

26 decisions is fundamentally unjust); *United States v. Suttle*, No. 2:14-CR-00083-SAB, 2016 WL

4

3448598 (E.D. Wash. June 20, 2016) ("defendant's sentence is unconstitutional because the ACCA affected every aspect of the proceedings beginning with the charging decision to the ultimate sentence pronounced by the Court, and therefore the waiver is not enforceable"); *United States v. Hoopes*, 195 F.Supp.3d 1161 (D. Or. 2016) (finding that defendant's challenge is a substantive, constitutional challenge and the application of the residual clause of the Career Offender provision violates Defendant's constitutional rights making the waiver not binding).

A sentence is illegal if it is "in violation of the constitution." *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986) (internal quotations and citations omitted). In *Johnson*, the Supreme Court held that increasing a defendant's sentence under the residual clause denies due process of law. 135 S. Ct. at 2557. In light of *Johnson*, Mr. Johnson's sentence is illegal because it is premised on an unconstitutional application of 18 U.S.C. § 924(c)'s residual clause. Because his sentence is unconstitutional and exceeds the permissible statutory penalty, his collateral attack waiver is unenforceable and does not preclude a challenge to his sentence, because his "sentence violates the law." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).

**B.     Mr. Johnson Did Not Waive His Challenge to the Indictment.**

The government's contention that Mr. Johnson waived the argument that attempt Hobbs Act robbery is not a crime of violence and cannot serve as a predicate for his § 924(c) charge under Federal Rule of Civil Procedure 12, is simply without merit. ECF No. 44 at 9-10. Mr. Johnson was sentenced in 2014. ECF Nos. 38, 39. At that time, attempt Hobbs Act robbery qualified as a "crime of violence" without virtually any dispute because the residual clause was still valid. It is disingenuous for the government to argue that Mr. Johnson should have filed a motion to dismiss his § 924(c) charge when the law was quite clear *at that time* that his instant charge of attempt Hobbs Act robbery qualified as a crime of violence. It was not until the next year when the Supreme Court decided *Johnson*, 135 S. Ct. 2551, that triggered Mr. Johnson's right to challenge the instant conviction for attempt Hobbs act robbery as no longer serving as

1   a predicate for his § 924(c) conviction and sentence. Mr. Johnson has not waived his right to

2   challenge his illegal and unconstitutional sentence.

3        **C.    *Johnson* applies equally to 18 U.S.C. § 924(c)'s residual clause.**

4        The government argues that *Johnson* "did not invalidate the residual clause in 18 U.S.C.

5   § 924(c)." ECF No. 44 at 10-17.  The government is simply wrong.  In short, the Ninth Circuit's

6   binding decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), compels the conclusion

7   that *Johnson* applies to § 924(c)(3)(B)'s residual clause.  Indeed, many district courts including

8   within this Circuit has reached this conclusion. *See, e.g., United States v. Bundy*, No. 2:16-cr-

9   00046-GMN, 2017 WL 449593, *6 (D. Nev. Feb. 2, 2017) (holding that § 924(c)'s residual

10  clause is unconstitutionally vague); *United States v. Smith*, No. 2:11-cr-00058-JAD-CWH,

11  2016 WL 2901661 (D. Nev. May 18, 2016) (finding "no basis to distinguish 18 U.S.C. § 16(b)

12  from § 924(c)'s residual clause or *Dimaya* from the case" and therefore holding that 18 U.S.C.

13  § 924(c)(3)(B) is unconstitutionally vague); *United States v. Bell*, 158 F.Supp.3d 906, 923

14  (N.D. Ca.  2016) ("And, as *Dimaya* and *Vivas-Ceja* make clear, the differences in the language

15  used in the ACCA residual clause versus the § 924(c)(3) residual clause are not material insofar

16  as the reasoning in *Johnson* is concerned."); *United States v. Luong*, No. 2:99-00433-WBS,

17  2016 WL 1588495 (E.D. Cal. Apr. 20, 2016) (holding the residual clause in § 924(c)(3)(B) is

18  unconstitutional under *Johnson*); *United States v. Lattanaphom*, 159 F.Supp.3d 1157 (E.D. Cal.

19  2016) (holding the residual clause in 18 U.S.C. § 924(c) void for vagueness and therefore

20  unconstitutional after *Johnson*); *United States v. Baires-Reyes*, 191 F.Supp.3d 1046, 1053

21  (N.D. Cal.  2016) ("Applying the reasoning of *Dimaya*, the Court finds that Section 924(C)'s

22  residual clause is unconstitutionally vague"); *United States v. Edmundson*, 153 F.Supp.3d 857,

23  862 (D. Md.  2016) (holding that § 924(c)(3)(B) "suffers from exactly the same double

24  indeterminacy" as the ACCA residual clause and is therefore unconstitutionally vague).

25  Nonetheless, Mr. Johnson's addresses each of the government's arguments.

26

First, the government points out that the petitioner in *Johnson v. United States*, 135 S. Ct. 2551 distinguished the residual clause in the ACCA from the residual clause in 18 U.S.C. § 924(c) and that the *Johnson* Court agreed with petitioner that its concerns with the ACCA's residual clause would not call into doubt other provisions, such as § 924(c). ECF No. 44 at 10-12. While this may be true, the issue in *Johnson* specifically addressed the ACCA's residual clause and that decision did not thoroughly address whether similar language in other criminal provisions, such as 18 U.S.C. § 924(c) would be affected.

It is equally important that this Court consider the government's position in *Johnson* is contradictory to its position here. In *Johnson*, the government argued its concern that by holding the ACCA's residual clause void, would implicate other similarly worded criminal statutes. Indeed, in *Johnson*, the government argued that there are many criminal statutes that "hinge criminal liability or sentencing consequences on a 'risk,' 'substantial risk,' 'grave risk,' or 'unreasonable risk' of physical injury to other people." Government's Supplemental Brief, *Johnson v. United States*, 2015 WL 1284964, *22. The government further argued that "[a]lthough Section 16 refers to the risk that *force* will be used rather than that *injury* will occur, it is equally susceptible to petitioner's central objection to the residual clause: Like the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters." *Id.* at *22-23. The government clearly recognized that the residual clause in 18 U.S.C. § 16(b) was susceptible to the same challenge presented in *Johnson*.

Interestingly, the government now argues that § 924(c)'s residual clause is unlike the residual clause in the ACCA. The Supreme Court in *Lynch v. Dimaya*, No.15-1498, 2016 WL 3232911 (U.S. Sept. 29, 2016) is posed to determine whether the residual clause in 18 U.S.C. § 16(b), which is identical to the residual clause in § 924(c), is also void for vagueness. Regardless of whatever decision the Supreme Court makes in *Lynch*, the law as it stands in the Ninth Circuit is that *Johnson* is applicable and extends to § 924(c)'s residual clause. In *Dimaya,*

803 F.3d 1110 (9th Cir. 2015), the Ninth Circuit applied *Johnson* to hold that the residual clause in 18 U.S.C. § 16(b)—which contains the "identically-worded language" as § 924(c)—is void for vagueness. *Dimaya* remains the controlling law in this Circuit unless and until it is overruled. *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("A decision of the Supreme Court will control that corner of the law unless and until the Supreme Court overrules or modifies it…. The same is true as to circuit authority….") (citations omitted).

The government concedes that the residual clause's language in § 924(c) is identical to the residual clause language in 18 U.S.C. § 16(b). ECF No. 44 at 16. Yet the government argues that there are several reasons as to why § 924(c)'s residual clause remains constitutional. *Id.* at 10-16. All of the government's reasons fail in light of the Ninth Circuit's binding decision in *Dimaya*.

The government argues that *Dimaya* does not apply to § 924(c) and relies on a footnote where the court stated, "[o]ur decision does not reach the constitutionality of applications of 18 U.S.C. § 16(b) outside of 8 U.S.C. § 1101(a)(43)(F) . . ." ECF No. 44 at 16 (quoting *Dimaya*, 803 F.3d at 1120 n.17.) But this reservation does not avail the government. *Dimaya* applied vagueness doctrines, which traditionally apply in criminal prosecutions to immigration deportation proceedings. *Dimaya*, 803 F.3d at 1113 ((while "most often invoked in the context of criminal statutes," the vagueness doctrine applies in the context of removal proceedings "because of the harsh consequences attached to . . . denial of withholding of removal," citing *Alphonsus v. Holder*, 705 F.3d 1031, 1042 (9th Cir. 2013))). *Dimaya* may have wished to reserve whether the vagueness problem in 18 U.S.C. § 16 might apply in other *civil* contexts where that definition is borrowed. But a facially vague definition cannot be used in the *criminal* prosecution, whether it is the basis for a sentencing enhancement, *see Johnson*, 135 S. Ct. 2551 (unconstitutionally vague definition cannot be the basis for an enhanced sentence under ACCA), or especially, as here, where it forms part of the substantive definition of a criminal offense in the indictment. *See, e.g., Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (Fifth

Amendment's due process clause "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.")  The government cannot credibly argue otherwise and does not try to do so.

Next, the government contends that *Johnson* does not apply here because unlike the residual clause in the ACCA, the residual clause in § 924(c) does not require courts to go "beyond evaluating the chances that the physical acts that make up the crime injure someone and to evaluate the risk of injury even 'after' completion of the offense."  ECF No. 44 at 13 (citation omitted).  In *Dimaya*, the Ninth Circuit expressed doubt that § 16(b)'s reference to conduct "in the course of committing the offense" "actually creates a distinction between the two clauses" at issue.  *Dimaya*, 803 F.3d at 1118.  Further, the court held that "even if such a distinction did exist, it would not save [§ 16(b)'s] definition of a crime of violence from unconstitutionality." *Id.  Johnson's* reasoning applied "equally whether the inquiry considers the risk of violence posed by the commission and the aftereffects of a crime, or whether it is limited to consideration of the risk of violence posed by acts necessary to satisfy the elements of the offense." *Id.* at 1118-19.

Contrary to the government's argument, *Johnson*'s holding did not depend on indeterminacy of the term "risk of force" that would not apply to § 924(c) or § 16(b)'s "risk of injury." *See* ECF No. 44 at 14.  The infirmity was in how the courts analyzed the "risk," and, as *Dimaya* has already found, the analysis for the residual clause of § 16(b) (and therefore for the residual clause of § 924(c)) "g[a]ve[] judges no more guidance than d[id] the ACCA provision as to what constitute[d] a substantial enough risk of force to satisfy the statute." *Dimaya*, 803 F.3d at 1117.  Indeed, the Solicitor General himself so argued in *Johnson*. Government's Supplemental Brief, *Johnson v. United States*, 2015 WL 1284964, at *22-23 ("Although Section 16 refers to the risk that *force* will be used rather than that *injury* will occur, it is equally susceptible to petitioner's central objection to the residual clause:  Like the

ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters.")

The next issue the government highlights is that § 924(c)'s residual clause does not contain a confusing list of enumerated offenses unlike the ACCA.  ECF No. 44 at 12-13.  The existence of a prefatory list of examples may be confusing, but it was not outcome-determinative in *Johnson*.  The Court's "wide-ranging inquiry" holding was the "more important" aspect of its holding.  *Johnson*, 135 S. Ct. at 2557, 2661.  At any rate, as the *Dimaya* court recognized, § 924(c)'s residual clause may be more vague than ACCA's because it is not preceded by a list of enumerated crimes.  "[T]hey provide at least *some* guidance as to the sort of offenses Congress intended for the provision to cover."  *Dimaya*, 803 F.3d at 1118, n.13.  Section 924(c)(3)(B), "by contrast, provides no such guidance at all." *Id.*

The government next argues that § 924(c)'s residual clause is constitutional because the Supreme Court has never expressed concern about § 924(c)'s proper construction and disagreement among the lower courts has been limited.  ECF No. 44 at 14-15.  The *Dimaya* court considered a similar argument in the § 16(b) context and pointed out the government's argument ignores the realities of judicial review.  *Dimaya*, 803 F.3d at 1119.  One "can discern very little regarding the merits of an issue from the composition of the Supreme Court's docket."  *Id.*  And, at any rate, the government's argument confuses correlation for causation.  The fact that the Supreme Court has decided more ACCA cases than § 924(c) cases does not indicate that it believes the latter statute to be any more capable of consistent application. *See Id.*

Considering the Ninth Circuit's decision in *Dimaya* and district courts, including the District of Nevada, finding that *Johnson's* fundamental holding is applicable to § 924(c), the government's arguments fail.  Thus, Mr. Johnson's conviction and sentence under § 924(c) can no longer stand after *Johnson*.

**D.** **Post-*Johnson*, Mr. Johnson's Offense of Attempt Hobbs Act Robbery is Categorically Not a Crime of Violence.**

    **1.** **Attempt to commit a Hobbs Act Robbery does not have as an element the use, attempted use, or threatened use of physical force against the person or property of another.**

The government argues that attempt Hobbs Act robbery remains a crime of violence under the force clause in § 924(c). ECF No. 44 at 3-8. However, the government's argument erroneously focuses on the completed offense of Hobbs Act robbery instead of Mr. Johnson's offense of *attempt* Hobbs Act robbery. Attempted Hobbs Act robbery can be committed without the actual, attempted, or threatened use of physical force against the person or property of another. Instead, it can be committed by merely attempting to induce another by the wrongful use of fear of injury to person or property. *See* 18 U.S.C. § 1951 (". . . by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . ."). Injury may be inflicted—both on property and on a person—without any physical force at all, let alone the violent physical force that is required under the physical force clause.

Moreover, the offense of attempt, by definition and by common occurrence, means that no actual violent actions need occur before the crime is complete. Simply stated, "attempt is a term that at common law requires proof that the defendant had the specific intent to commit the crime and took some overt act that was a substantial step toward committing that crime." *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1192 (9th Cir. 2000) (en banc). In order to meet the substantial step requirement, "actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances." *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007). The jury need not unanimously agree as to which particular act or actions constituted a substantial step toward the commission of a crime. *United States v. Hofus*, 598 F.3d 1171, 1176 (9th Cir. 2010).

While it is true that the Ninth Circuit has held in an unpublished opinion that the substantive offense of Hobbs Act robbery is a crime of violence, *see United States v. Howard,*

11

650 Fed. App'x 466 (9th Cir. 2016), counsel was unable to find a Ninth Circuit case that has held an *attempt* to commit Hobbs Act robbery is a crime of violence post-*Johnson*.  There is at least one case, however, out of the Eleventh Circuit that has stated that "[i]t is unclear whether [the petitioner's] attempted Hobbs Act robbery conviction involved the use, attempted use, or threatened use of physical force against the person or property of another."  *In re Deshawn James*, Case No. 16-13772-J, 2016 WL 4608125 (11th Cir. July 21, 2016).   As such, the Eleventh Circuit granted the petitioner's application to file a second or successive petition on the issue of whether attempted Hobbs Act robbery qualifies as a crime of violence. *Id.*   In another case, the Eleventh Circuit observed that "'the plausible applications of' attempted Hobbs Act robbery might not 'all require the [attempted] use or threatened use of force.'" Hence, that type of conviction may not categorically qualify as an elements-clause predicate." *In re Emilio Gomez*, 830 F.3d 1225, 1228 (11th Cir. 2016) (citation omitted).

        The Eleventh Circuit's observations are correct.  Several cases establish that one can attempt to commit Hobbs Act robbery without actually using, attempting to use, or threatening to use violent, physical force. *See, e.g.*, *United States v. Wrobel*, 841 F.3d 450, 453-455 (7th Cir. 2016) (upholding attempted Hobbs Act robbery conviction where defendants planned robbery, traveled across state lines for the purpose of robbing a diamond merchant, and law enforcement recovered hooded sweatshirts, a black hat, three pairs of gloves and a pry bar before robbery committed); *United States v. Muratovic*, 719 F.3d 809, 815-16 (7th Cir. 2013) (upholding conviction where defendant finalized plans, conducted surveillance, procured supplies, and arrived at destination point on the day set for the robbery); *United States v. Gonzalez*, 441 Fed. App'x 31, 36 (2nd Cir. 2011) (upholding conviction where defendant was casing location and began preparations to commit robbery); *United States v. Turner*, 501 F.3d 59, 68-69 (1st Cir. 2007) (proof sufficient where defendant planned robbery, prepared, and gathered at designated assembly point); *United States v. Williams*, No. 10-427-6, 2011 WL

2621005, *1 (E.D. Pa. 2011) (proof sufficient where defendant participated in meetings, gathered documents, and armed himself).

While the defendants' actions in all of these cases were sufficient to prove an intent to commit the completed offense of Hobbs Act robbery and a substantial step toward committing the crime, those same actions are insufficient to demonstrate the defendants had a specific intent to use, attempt to use, or threatened to use violent physical force during the robbery. By their nature as "attempt" cases, rather than substantive robberies, they never reached the stage of actual, attempted or threatened violence.

The reasoning as to why attempt fails to qualify as a crime of violence is similar to this Court's reasoning in *United States v. Smith*, No. 2:11-cr-00058-JAD-CWH, 2016 WL 2901661, *5-6 (D. Nev. May 18, 2016), which held conspiracy to commit Hobbs Act robbery is not a crime of violence for purpose of applying a mandatory minimum penalty under 18 U.S.C. § 924(c).  In *Smith*, this Court distinguished between a conspiracy to Hobbs Act and a completed Hobbs Act robbery offense. *Id.* at *5.  In doing so, this Court held that unlike a completed Hobbs Act robbery, conspiracy to commit Hobbs Act can be proved without "'the use, attempted use, or threatened use of physical force against the person or property of another,' [and] so the offense does not categorically qualify as a crime of violence under the force clause." *Id*.  This Court went on to explain that  "[p]roof of an overt act is not required for a conviction of Hobbs Act conspiracy" and that a defendant can be convicted of "Hobbs Act conspiracy simply for agreeing to commit a Hobbs Act robbery" which  does not necessarily involve the use, attempted use, or threatened use of physical force." *Id.*  The same is true for attempt Hobbs Act robbery.

While attempt Hobbs Act robbery requires proof of an overt act necessary to meet the substantial step requirement, the overt act still may not necessarily satisfy the force clause. Indeed, this Court recognized, that "[e]ven if an overt act were required [in the conspiracy context], a defendant could be convicted based on an agreement to commit the robbery and

purchasing a ski mask to conceal his identity during the planned robbery.  This still does not satisfy the force clause." *Smith*, 2016 WL 2901661, *5, n. 54.  As illustrated above in *Wrobel*, the defendant was convicted of attempted Hobbs Act robbery for planning and preparing to rob a diamond merchant without any evidence that he used, attempted to use, or threatened to use violent physical force against the merchant or the property of the merchant.  841 F.3d at 453-455.  The plan to commit the robbery and the materials supplied to commit the robbery were sufficient to support the overt act that was a substantial step toward committing the crime.  *Id.*

Because attempted Hobbs Act robbery can be committed without the use, attempted use, or threatened use of physical force, this Court should find that Mr. Johnson's conviction cannot support his § 924(c) conviction and sentence.

### 2. The completed offense of Hobbs Act Robbery likewise fails to satisfy the physical force clause as it does not have as an element the use, attempted use, or threatened use of physical force.

The government's argument that the substantive offense of Hobbs Act robbery remains a crime of violence post-*Johnson* is predicated on the Ninth Circuit's *unpublished* decision in *Howard,* 650 Fed. App'x at 466, as well as other district and circuit court opinions across the country holding the same.  *See* ECF No. 44 at 3-5.  In *Howard,* the Ninth Circuit observed in a footnote that "crimes that require only a *de minimis* use of force do not qualify as crimes of violence under USSG § 2L1.2" – a definition that requires only the use, attempted use, or threatened use of physical force. 2016 WL 2961978, at *1 n.1 (citing cases where various statutes were found not to be crimes of violence due to the potential use of *de minimis* force). The Ninth Circuit then added, "Howard does not argue that Hobbs Act robbery may be accomplished through *de minimis* use of force, and we take no position on that issue or the applicability of these precedents to Hobbs Act robbery."  *Id.* Thus, *Howard* does not resolve the question of whether Hobbs Act robbery is broader than the crime of violence definition on the basis of other arguments not considered there.  *See Chavez-Solis v. Lynch*, 803 F.3d 1004,

14

1008 (9th Cir. 2015) (declining to rely on a "prior nonprecedential conclusion" that a statute was a categorical match for a generic definition "in light of new arguments" that the prior litigant had not previously raised).

Mr. Johnson specifically argued that Hobbs Act robbery cannot fall under the force clause because this offense can be accomplished through acts that do not require the use, attempted use or threatened use of "violent force." ECF No. 42 at 13-22. That is violent force "capable of causing physical pain or injury to another person." *Id.* The courts of appeals have long held that Hobbs Act robbery is merely a form of common-law robbery with the added jurisdictional element of interstate commerce. *United States v. Peterson*, 236 F.3d 848, 851 (7th Cir. 2001) (stating that proof of interstate commerce element "differentiates Hobbs Act violations from common law robbery."). Furthermore, the Hobbs Act is based, not just on common-law robbery, but on New York's common law robbery statute. *See United States v. Nedley*, 255 F.2d 350, 357 (3d Cir. 1958) ("'Robbery' under the Hobbs Act, is common law robbery, and robbery as defined by the New York Penal Laws and construed by the courts of that State."). In fact, this Court previously recognized that Hobbs Act's robbery "definition is based on the traditional definition of robbery, which requires an intentional taking through the use of force or violence" and also that ""[s]ection 1951(b)(1)'s text was taken almost verbatim from New York's Robbery statute at the time it was passed." *Smith*, 2016 WL 2901661 at *4 n.51. Because New York robbery serves as the genesis for Hobbs Act robbery, courts have looked to New York robbery as "the proper starting point" in determining what the federal statute encompasses. *United States v. Zappola*, 677 F.2d 264, 268 (2d Cir. 1982).

At the time the Hobbs Act borrowed the language of New York's robbery statute, the statute explicitly indicated that the "degree of force employed is immaterial." *Thomas J. Atkins v. Mass. Bonding & Ins. Co.*, 128 N.Y.S.2d 784, 788 (Mun. Ct. 1954) (setting out Penal Law §§ 2120, 2122), *reversed on other grounds*, 139 N.Y.S.2d 446, 447 (App. Term 1955). Under subsequent versions of that statute, courts have found sufficient force in "bump[ing the]

victim," *People v. Lee*, 602 N.Y.S.2d 138, 139 (App. Div. 1993), "shov[ing] the victim," *People v. Bennett*, 592 N.Y.S.2d 918, 918 (App. Div. 1993), forming a "human wall that block[s] the victim's path," *People v. Bennett*, 631 N.Y.S.2d 834, 834 (App. Div. 1995), or where the victim and robber "tug[] at each other until defendant's hand slip[s] out of the glove holding the money." *People v. Safon*, 560 N.Y.S.2d 552, 552 (App. Div. 1990). Accordingly, New York federal courts have interpreted their state's common-law-based robbery statute as not requiring violent physical force. *See United States v. Moncrieffe*, 167 F.Supp.3d 383, 403 (E.D.N.Y. 2016) (Weinstein, J.).

But as *Howard* itself noted, the Ninth Circuit has repeatedly held that this type of minimal force does not meet the definition of a crime of violence. *See* 2016 WL 2961978, at *2 n.1 (citing *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014) (holding assault statute criminalizing "any force whatsoever against a federal officer" not a crime of violence); *United States v. Flores-Cordero*, 723 F.3d 1085, 1087-88 (9th Cir. 2013) (holding a resisting arrest statute criminalizing even a "minor scuffle" not a crime of violence). Indeed, the Ninth Circuit recently held that Massachusetts's armed robbery statute did not qualify as a violent felony because—like the federal common-law definition of robbery under the Hobbs Act—the Massachusetts statute required only such force necessary to take the property from the victim so long as the victim is aware of the application of force. *See United States v. Parnell*, 818 F.3d 974, 978-80 (9th Cir. 2016).

Applying this line of reasoning, a district court within the Ninth Circuit recently held that another federal robbery statute that required only common-law force did not qualify as a crime of violence. *See United States v. Bell*, 158 F.Supp.3d 906, 919-20 (N.D. Cal. 2016) (holding that 18 U.S.C. § 2112, the general robbery-of-government-property statute, does not qualify as a crime of violence under § 924(c) because it requires only common-law force, which does not satisfy the violent physical force requirement). Another district court within the Ninth Circuit applied the same reasoning to Oregon's robbery statute. *See United States v. Dunlap*,

16

162 F.Supp.3d 1106, 1113-15 (D. Or. 2016) (holding that Oregon third-degree robbery does not qualify as a crime of violence because "the level of physical force required for conviction can be 'minimal' and does not, therefore, rise to the level of 'violent force'").

Likewise, the Fourth Circuit recently held that another common-law robbery statute failed to qualify as a crime of violence because—like Hobbs Act robbery—it could be committed by *de minimis* contact. *See United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016) (holding that North Carolina common-law robbery is not a crime of violence because "even minimal contact may be sufficient to sustain a robbery conviction if the victim forfeits his or her property in response"). And the First Circuit has held the same thing concerning Puerto Rico's robbery statute. *See United States v. Castro-Vazquez*, 802 F.3d 28, 37 (1st Cir. 2015) (holding that Puerto Rico's robbery statute fails to satisfy *Johnson* 2010 because it requires only "the slightest use of force"). Thus, courts have frequently held that common law robbery offenses identical to Hobbs Act robbery require only *de minimis* force and cannot be a crime of violence.[2]

----

[2] *See Parnell*, 818 F.3d at 981 (holding that Massachusetts armed robbery is not a violent felony under the elements clause of the  ACCA); *United States v. Heflin*, No. 1:93-CR-05216-LJO-1, 2016 WL 3906895, at *6-7 (E.D. Cal. July 18, 2016) (California aggravated robbery is not a violent felony under the ACCA even though the statute states "using weapons and inflicting great bodily injury"); *United States v. Avery*, 3:02-cr-113-LRH-VPC, 2017 WL 29667, *12 (d. Nev. Jan. 3, 2017) (Nevada robbery is not a "violent felony" under the ACCA; *United States v. Hodges*, No. 2:98-CR-169-RCJ, ECF No. 98 (D. Nev. 2015) (government conceded that Nevada attempt robbery is no longer a violent felony under the ACCA); *United States v. Archuleta,* No. 2:02-cr-00444-KJD-LRL-1, ECF No. 37 (D. Nev. 2016) (government conceded that California attempt robbery is not a violent felony under the ACCA); *United States v. Jose Barnal-Sanchez*, No. 15-CR-1689-WQH, 2016 WL 727070, at *2 (S.D. Cal. Feb. 24, 2016) (California robbery is not a crime of violence); *United States  v. Dixon*, 805 F.3d 1193, 1197-1198 (9th Cir. 2015) (same); *United States v. Litzy*, 137 F.Supp.3d 920, 923 (S.D. W. Va. 2015) (Ohio robbery is not a crime of violence under force, enumerated or residual clauses of the Guidelines and also does not qualify as such under the commentary because it has no standing definitional power); *United States v. Gardner*, No. 14-4533, 2016 WL 2893881, at *2 (4th Cir. May 18, 2016) (holding that North Carolina's robbery is not a violent felony/crime of violence under the force clause); *United States v. Navarro*, No. 2:10-CR-2104-RMP, 2016 WL

Moreover, Hobbs Act robbery can also be accomplished by placing someone in fear of injury to his property.  "The concept of 'property' under the Hobbs Act is an expansive one" that includes "*intangible assets*, such as rights to solicit customers and to conduct a lawful business." *United States v. Arena*, 180 F.3d 380, 392 (2d Cir. 1999) (citing 18 U.S.C. § 1951(a) and interpreting Hobbs Act robbery definition that includes threats of physical violence against "persons 'or property'"), *abrogated in part on other grounds by Scheidler v. Nat'l Org. for Women, Inc*. 537 U.S. 393, 403 n.8 (2003) (emphasis added); *see also United States v. Iozzi*, 420 F.2d 512, 514 (4th Cir. 1970) (sustaining conviction under Hobbs Act when union president threatened "to slow down or stop construction projects unless his demands were met."); *United States v. Local 560 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America*, 780 F.2d 267, 281 (3d Cir. 1986) (noting that the circuits to consider the issue "are unanimous in extending Hobbs Act to protect intangible, as well as tangible property").  Thus, Hobbs Act robbery can be committed via threats to cause a devaluation of some economic interest.  Such threats to economic interests are certainly not threats of "violent force."

---

1253830, at *14-15 (E.D. Wash. Mar. 10, 2016) (holding that Washington first degree robbery is not a violent felony/crime of violence under the force clause); *United States v. Packer*, No. 2:04-CR-0263-WFN-1, 2016 WL 1253870, at *13 (E.D. Wash. Mar. 8, 2016) (same); *United States v. Ellingsworth*, No. 2:09-CR-6055-WFN-1, 2016 WL 1253821, at *11 (E.D. Wash. Mar. 8, 2016) (same);  *United States v. Binford*, No. 15-30160, App. Dkt. #23 (E.D. Wash. Feb. 4, 2016) (government concedes that Washington second degree robbery is not a violent felony); *United States v. Eason*, No. 15-1254, 2016 WL 3769477, at *19 (8th Cir. July 14, 2016); (Arkansas robbery under § 15-12-102 is not a violent felony under the force clause); *United States v. Jones*, No. 15-1518-CR, 2016 WL 3923838, at *20 (2nd Cir. July 21, 2016) (holding that New York robbery is not a crime of violence under the career offender enhancement); *United States v. Bell*, No. 15-CR-00258-WHO, 2016 WL 344749, at *29-30 (N.D. Cal.  Jan. 28, 2016) (holding that robbery of government property under 18 U.S.C. § 2112 is not a crime of violence under § 924(c)); *Pueblo v. Batista Montanez*, 1982 JTS 121, 113 D.P.R. 307 (P.R. 1982) (holding Puerto Rico robbery is not a crime of violence); *United States v. Hoopes*, No. 3:11-CR-00425-HZ, 2016 WL 3638114, at *16 (D. Or. July 5, 2016) (government conceded that Wyoming robbery is not a crime of violence).

Mr. Johnson continues to argue that Hobbs Act robbery is not a crime of violence despite the fact that several judges in this District have found to the contrary.  The judges in this District that have found that Hobbs Act robbery is a crime of violence under the physical force clause, *See* ECF No. 44 at 4, are distinguishable as those cases either did not consider the instant argument that attempt Hobbs Act robbery fails to satisfy the physical force clause, failed to analyze the crime under the categorical approach and summarily concluded it as a crime of violence, or relied on abrogated case law, including *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990) and *United States v. Mendez*, 992 F.2d 1488 (9th Cir. 1993).  *Selfa* and *Mendez* were determined prior to *United States v. Johnson,* 135 S. Ct. 2551 (2015) (holding the residual clause in the ACCA is void for vagueness)*, Descamps v. United States,* 133 S. Ct. 2276 (2013) (holding courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements)*,  Johnson v. United States,* 559 U.S. 133, 140 (2010) (holding that the phrase physical force in the ACCA means "*violent* force—that is, force capable of causing physical pain or injury to another person."), *Leocal v. Ashcroft*, 543 U.S. 1 (2004) (explaining the word "use" in the physical force clause in 18 U.S.C. 16(a) "most naturally suggests a higher degree of intent than negligent or merely accidental conduct"), and *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006) (holding that "to constitute a federal crime of violence an offense must involve the intentional use of force against the person … of another").  Each of these cases has had a tremendous impact on the analysis of whether an offense categorically qualifies as a crime of violence or violent felony.  Neither *Selfa* nor *Mendez* take into consideration any of the Supreme Court or Ninth Circuit's post-2000 *binding precedent* and the government offers no analysis as to how to reconcile *Selfa* and *Mendez* with current case law.

Finally, in response to the government's argument that binding precedent forecloses Mr. Johnson's argument that the act of putting someone in fear of injury does not require an intentional threat of violent force is wrong. ECF No. 44 at 8.  The government relies on *Selfa*

to support its position, however, as explained above (*supra* Part II.D.2) and here, *Selfa* is undermined by recent Supreme Court decisions.  Furthermore, *Selfa*'s holding that intimidation involved sufficient "physical force" to apply the career offender enhancement under the Sentencing Guidelines engaged in dubious legal reasoning.  To the extent its holding survived the Ninth Circuit's *en banc* decision in *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006), it did so only under the residual clause prong of the definition of crime of violence that was struck down by the Supreme Court in *Johnson,* 135 S. Ct. 2551. The definition of "crime of violence" at issue in *Selfa* was codified at U.S.S.G. § 4B1.2.  Although the court purported to be examining Selfa's prior conviction for violating 18 U.S.C. § 2113 under the elements prong, the court began its analysis by looking at the Commentary to the Guidelines which listed "robbery" as a crime of violence, and opined that the "language of the application note to § 4B1.2 supports the government in this case."  *Selfa*, 918 F.2d at 751.

In addition, *Selfa* relied on one out of circuit case for the proposition that an offense that has as an element, "'willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm," by definition qualifies as a crime of violence.  *Selfa*, 918 F.2d at 751.  That out of circuit case, *United States v. Maddalena*, 893 F.2d 815 (6th Cir. 1989), was a Sixth Circuit case that the Sixth Circuit has subsequently disavowed. *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016) ("We do not rely on *United States v. Maddalena* . . . where a Sixth Circuit panel found that a particular § 2113(a) conviction qualified as a § 4B1.2(a) predicate offense through the physical-force clause. In reaching its holding, the *Maddalena* panel relied heavily on the conduct underlying the predicate offense . . . That reasoning is unhelpful post-*Taylor*.").  In the bank robbery context, the Ninth Circuit has clearly stated, whether a defendant "intended to intimidate … is irrelevant to a bank robbery prosecution," because "the determination of whether there has been an intimidation [is] guided by an objective test focusing on the accused's actions," not a subjective test focusing on his or her mental state.  *United States v. Froppe*, 993 F.3d 1444, 1451 (9th Cir. 1993); *see also*

*United States v. Martinez-Jimenez*, 864 F.2d 664, 666-67 (9th Cir. 1989). Indeed, a district court in the Ninth Circuit recently recognized that the analogous bank robbery statute, 18 U.S.C. § 2113(a) is not a crime of violence under the force clause for several reasons, including the bank robbery statute does not explicitly require that a defendant intentionally use force, violence, or fear of injury and while the statute include "force and violence," it may also be committed through "intimidation" which requires no actual or attempted force. *Doriety v. United States*, No. C16-0924-JCC (W.D. Wash. Nov. 10, 2016), ECF No. 12.[3] The same reasoning applies to Hobbs Act robbery. To be convicted of attempted Hobbs Act robbery, a defendant need only attempt to induce the victim to part with property by the wrongful use of actual or threatened force violence or fear.

In fact, the Sixth Circuit held in *United States v. Williams*, that "the extortionist need not be responsible for the state of fear in which the victim finds himself. It is enough if the extortionist exploits the fear and thereby wrongfully obtains money or property." 952 F.2d 1504, 1513 (6th Cir. 1991). The fear can be completely self-generated, subjective in nature and unreasonable yet is sufficient to meet the "fear" requirement. The court further held that the fear "may arise independently of any action by the defendant and need not be caused by the threats of force or violence." *Id.* at 1513-14 (internal quotations omitted). While this is in the context of Hobbs act extortion, it makes no difference in the Hobbs act robbery context. Rather the victim can have a self-generated, subjective invocation of fear and the defendant need only *attempt* to exploit the fear for a conviction. Exploitation of fear is not the use, attempted use or threatened use of physical force. This element fails to require the defendant to intentionally use, attempt to use, or threaten to use physical force. It is clear that *Selfa's* holding is clearly irreconcilable with *Fernandez-Ruiz's* intent requirement and the government has failed to show otherwise.

---

[3] This case is currently on appeal in the Ninth Circuit. *See Doriety v. United States*, No. 17-35007.

### 3.    Hobbs Act is indivisible

The government does not argue whether Hobbs Act is an indivisible or divisible statute. Nonetheless, Mr. Johnson continues to assert that attempted Hobbs Act robbery categorically fails to qualify as a crime of violence and is indivisible. *See* ECF No. 42.  However, should this Court find Hobbs Act divisible, Mr. Johnson asserts that *attempt* Hobbs Act robbery is not a crime of violence.

This Court's opinion in *Smith*, 2016 WL 2901661 at *4, appears to agree that Hobbs Act robbery is indivisible.  In *Smith*, the court held that Hobbs Act (under § 1951 (a)) is divisible into "six functionally separate crimes: interference with commerce by robbery, interference with commerce by extortion, attempt to interfere with commerce by robbery, attempt to interfere with commerce by extortion, conspiracy to interfere with commerce by robbery, and conspiracy to interfere with commerce by extortion."  *Id.*  The court further concluded that § 1951(b) defines "robbery" and is also disjunctive but does not contain alternative elements on which a jury must agree.  It is thus indivisible.  It appears the court believes that the offense of Hobbs Act *robbery* was not further divisible and that it includes alternative means of committing a robbery.  While *Smith* only held that completed Hobbs act robbery was a crime of violence and conspiracy to commit Hobbs act robbery was not a crime of violence, it did leave open the question as to whether attempt to commit Hobbs act robbery is a crime of violence.  As discussed above, "attempting" to commit Hobbs act robbery is not a crime of violence because it does not require as an element the use, attempted use, or threatened use of physical force.

For the reasons discuss herein and the Motion to Vacate, it is without a doubt that Mr. Johnson's attempt Hobbs Act robbery conviction is categorically not a crime of violence under § 924(c).

1

### III.   CONCLUSION

2

This Court should find *Johnson* cognizable and retroactive and, accordingly, should

3

vacate Mr. Johnson's erroneous 18 U.S.C. § 924(c) conviction and sentence. Upon a finding

4

that the conviction and sentence was erroneously applied and re-sentencing necessary, this

5

Court should re-sentence Mr. Johnson to 29 months, the low end of the guideline range with a

6

similar downward variance and without the § 924(c) conviction rendering him eligible for

7

immediate release. To avoid additional due process violations against Mr. Johnson, this Court

8

should grant the instant motion.

9

If this Court denies Mr. Johnson's Motion to Vacate, it should issue a certificate of

10

appealability. To warrant a certificate of appealability, Mr. Johnson need not demonstrate that

11

he will prevail on appeal, but only that "reasonable jurists could debate . . . whether the petition

12

should have been resolved in a different manner or that the issues presented were adequate to

13

deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)

14

(internal quotation marks omitted); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003)

15

("a claim can be debatable even though every jurist of reason might agree, after the COA has

16

been granted and the case has received full consideration, that petitioner will not prevail"). 

17

Thus, in the event this Court rejects Mr. Johnson's Motion to Vacate, Mr. Johnson has met the

18

standard for issuance of a certificate of appealability.

19

DATED this 17th day of March, 2017.

20

Respectfully submitted,

21

RENE L. VALLADARES
Federal Public Defender

22

23

By:   */s/ Nisha Brooks-Whittington*

24

NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender

25

26

By:   */s/ Sunethra Muralidhara*

SUNETHRA MURALIDHARA
Assistant Federal Public Defender

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that he is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on March 17, 2017, he served an electronic copy of the above and foregoing **REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO VACATE, SET ASIDE, OR CORRECT CRIMINAL CONVICTIONS AND SENTENCE PURSUANT TO 28 U.S.C. § 2255** by electronic service (ECF) to the person named below:

STEVEN MYHRE
Acting United States Attorney
ELIZABETH OLSON WHITE
Appellate Chief and
Assistant United States Attorney
100 W. Liberty Street, #600
Reno, NV 89501

*/s/ Karen Meyer*
Employee of the Federal Public Defender