# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Respondent/Plaintiff<br><br>v.<br><br>Harrison Johnson,<br><br>    Petitioner/Defendant | Case No.: 2:12-cr-00336-JAD-CWH<br><br>**Order Denying Petitioner's § 2255 Motion to Vacate Sentence**<br><br>[ECF Nos. 41, 42] |

Federal inmate Harrison Johnson pled guilty to, and was convicted of, one count of attempted interference with commerce by robbery under the Hobbs Act, 18 U.S.C. § 1951. Johnson received a 29-month sentence for that crime. He also received an additional seven years for violating 18 U.S.C. § 924(c)(1)(A)(ii), which imposes a mandatory minimum seven-year sentence for brandishing a firearm during a "crime of violence." Here, that crime of violence was Johnson's attempted-robbery conviction.

Johnson moves to vacate his sentence, arguing that he did not commit a crime of violence within the meaning of § 924(c), which means his conviction and additional seven-year sentence under this statute is infirm. He relies on *Johnson v. United States*, in which the Supreme Court recently deemed unconstitutional a sentence-enhancement clause in the Armed Career Criminal Act (ACCA).[1] Johnson contends that *Johnson*'s holding applies to § 924(c) and results in his attempted robbery conviction no longer qualifying as a crime of violence.

The government responds with the procedural argument that Johnson is precluded from challenging his sentence because he waived his post-conviction challenges in his plea agreement. But when Johnson entered into that deal, *Johnson* didn't exist and there was no question that § 924(c)'s seven-year enhancement applied to him. The Ninth Circuit maintains that defendants cannot be held responsible for failing to make constitutional challenges that did not exist when they were sentenced. So I do not find that Johnson's motion is barred by his collateral-attack

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2018); 18 U.S.C. § 924(e) (the ACCA).

1

waiver or based on its timing. And when I reach the petition's merits, I find that while § 924(c)'s residual clause is invalid under *Johnson*, Johnson's attempted Hobbs Act robbery conviction is a crime of violence under § 924(c)'s still-valid force clause. I thus deny Johnson's motion to vacate his sentence.

**Background**

In 2012, Johnson attempted to rob the Rainbow Gardens events center in Las Vegas by pointing a firearm at an employee and demanding that she give him her money and purse. The victim stated that she didn't have her purse and that there was no money in the office. Johnson continued to point the gun at her, told her she was lying, and demanded that she give him money. The victim reached into her pocket, pulled out some papers, and handed them to Johnson. He took what was thought to be five dollars but ended up with just a receipt, and ordered the victim to get on the ground and to stay there or he'd shoot her. Johnson left, and was apprehended two days later with the gun that he brandished during the attempted robbery.[2]

In 2013, Johnson pled guilty to one count of attempted Hobbs Act robbery and one count of brandishing a firearm during a crime of violence.[3] Johnson's plea was accepted and I sentenced him to 29 months for the attempted robbery charge plus the mandatory minimum seven-year sentence required by § 924(c)(1)(A)(ii) for the brandishing charge, for a total sentence of 113 months.[4]

The government raises three arguments against Johnson's motion to vacate: (1) he should be precluded from challenging his sentence in the first place because he entered into a plea agreement and did not raise this challenge sooner; (2) *Johnson* did not invalidate § 924(c)'s residual clause, so this challenge is improperly brought; and (3) regardless, his Hobbs Act attempted robbery conviction still qualifies as a crime of violence under § 924(c)'s force clause. I have previously ruled that *Johnson* applies to § 924(c) and that its residual clause is

---

[2] ECF No. 28.

[3] *Id.*

[4] ECF No. 39.

2

unconstitutionally vague.[5] Nothing in the government's briefing persuades me to change my analysis, so I dispose of the government's contention on that point and move on to the procedural barrier first.

## Discussion

**A.  Johnson did not waive his right to raise a new constitutional argument that was not previously available to him.**

The government argues that Johnson waived his right to challenge his sentence because (1) his plea agreement contains a collateral-attack waiver, and (2) he failed to preserve the argument by raising it in a pretrial motion. The Ninth Circuit has explained that an appeal waiver in the plea agreement cannot bar a defendant's challenge to his sentence based on an unconstitutionally vague statute.[6] When I sentenced Johnson in 2013, his conviction easily qualified as a crime of violence under § 924(c). It was not until the Supreme Court handed down *Johnson* that he suddenly had a constitutional challenge available to him. Johnson's instant motion is based on *Johnson* and the unconstitutionality of § 924(c)'s residual clause, and it is thus not barred by the terms of his plea agreement.

Nor is Johnson procedurally barred from challenging his sentence under 28 U.S.C. § 2255 because he did not raise it in a pretrial motion. Section 2255(f)(3) allows Johnson to challenge his sentence within one year of "the date on which the right [he] assert[s] was initially recognized by the Supreme Court." Johnson moved for relief within a year after *Johnson* issued.

---

[5] *See United States v. Bonaparte*, 2017 WL 3159984, at *3–4 (D. Nev. July 25, 2017); *United States v. Hunter*, 2017 WL 3159985, at *3–4 (D. Nev. July 25, 2017). I originally relied on the Ninth Circuit's decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015)—in which the Ninth Circuit applied *Johnson* to find the Immigration and Nationality Act's (INA) residual clause unconstitutionally vague—to determine that § 924(c)'s identical residual clause is also unconstitutional. The Supreme Court recently affirmed that *Johnson* applies to the INA's residual clause in *Dimaya v. Sessions*, 138 S. Ct. 1204 (2018), further supporting my earlier rulings that *Johnson* applies here.

[6] *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) ("We therefore accept the Governments concession that the district court sentenced Torres pursuant to a provision in the Guidelines that is unconstitutionally vague. This renders Torres's sentence "illegal," and therefore the waiver in his plea agreement does not bar this appeal."); *see also United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (noting that an appeal waiver will not apply if "the sentence violates the law").

3

Because the Supreme Court's ruling in *Johnson* applies to § 924(c), Johnson is asserting a right that was recognized by the Supreme Court, making his motion timely.[7]

**B.  Attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c).**

Title 18 U.S.C. § 924(c) criminalizes using or carrying a firearm in relation to a "crime of violence" and imposes mandatory minimum sentences that must run consecutive to any other sentence.  An offense may qualify as a crime of violence under either of two clauses.  Section 924(c)(3)(A), also known as the statute's "force clause," includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  Section 924(c)(3)(B), known as the "residual clause" of the statute, encompasses any felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  Because § 924(c)'s residual clause is unconstitutional under *Johnson*, Johnson contends that his Hobbs Act attempted-robbery conviction does not qualify under the still-valid force clause, so his § 924(c) conviction and resulting seven-year consecutive sentence are invalid.

### *1.  Modified categorical approach*

To determine whether Hobbs Act attempted robbery is a "crime of violence" under § 924(c)'s force clause, I must apply the "framework known as the categorical approach," which "assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'"[8]  Under the categorical approach, I look only to the statutory elements of the offense and do not consider the defendant's conduct in this particular case.[9]  "If the statute of conviction

---

[7] I have previously ruled that petitioners may timely challenge sentences imposed under residual clauses that are identical or substantially similar to the one held unconstitutional in *Johnson*. *See Bonaparte*, 2017 WL 3159984, at *2 (holding that vagueness challenges to § 924(c)'s residual clause arise under the new right created by *Johnson*); *United States v. Gray,* 2018 WL 3058868, at *4 (D. Nev. June 20, 2018) (holding that vagueness challenges to residual clause in pre-*Booker* Sentencing Guidelines arise under the new right created by *Johnson*).

[8] *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

[9] *Johnson*, 135 S.Ct. at 2557 ("Under the categorical approach, a court assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how

4

'sweeps more broadly than the generic crime, a conviction under that law cannot count as [a qualifying] predicate, even if the defendant actually committed the offense in its generic form.'"[10]

But before applying the categorical approach, I must determine whether the Hobbs Act is divisible. The Supreme Court has approved the use of the modified categorical approach to determine whether the violation of a divisible statute qualifies as a crime of violence.[11] To be divisible, a statute must contain "multiple, alternative elements of functionally separate crimes."[12] "A statute is not divisible merely because it is worded in the disjunctive. Rather, a court must determine whether a disjunctively worded phrase supplies 'alternative elements,' which are essential to a jury's finding of guilt, or 'alternate means,' which are not."[13] "If a statute contains alternative elements, a prosecutor 'must generally select the relevant element from its list of alternatives. And the jury, as instructions in the case will make clear, must then find that element, unanimously and beyond a reasonable doubt.'"[14]

The Hobbs Act is a divisible statute. Section 1951(a) contains disjunctive phrases that essentially create six functionally separate crimes: interference with commerce by robbery, interference with commerce by extortion, attempt to interfere with commerce by robbery, attempt to interfere with commerce by extortion, conspiracy to interfere with commerce by robbery, and conspiracy to interfere with commerce by extortion. Section 1951(b), which further

---

an individual offender might have committed it on a particular occasion.'") (quoting *Begay*, 553 U.S. at 141).

[10] *U.S. v. Caceres-Olla*, 738 F.3d 1051, 1054 (2013) (quoting *Descamps v. United States*, 570 U.S. 254, 260 (2013)).

[11] *Descamps v. United States*, 570 U.S. 254, 257 (2013).

[12] *United States v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015) (concluding that California's robbery statute is not divisible).

[13] *Id.* (internal citations omitted).

[14] *Id.* (quoting *Descamps*, 570 U.S. at 272).

defines "robbery" for purposes of § 1951(a) is also disjunctive, but it does not contain alternative elements on which a jury must agree.

### 2. *Attempted Hobbs Act robbery is a crime of violence under § 924(c)'s force clause.*

Because the statute is divisible, under the modified categorical approach, I look specifically to the version of the § 1951(a) offense that Johnson was charged with here: attempted Hobbs Act robbery. The Ninth Circuit has recently confirmed that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause,[15] but it has not yet decided whether attempted Hobbs Act robbery similarly qualifies.

To prove attempted Hobbs Act robbery, the government must show: (1) the defendant knowingly attempted to obtain money from a victim; (2) the defendant attempted to do so by means of robbery; (3) the defendant believed that the victim would part with the money because of the robbery; (4) the robbery would have affected interstate commerce; and (5) the defendant did something that was a substantial step toward committing the crime.[16] The Hobbs Act defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining."[17]

The Ninth Circuit has recently held, in an unpublished decision, that Hobbs Act robbery, which relies on the same definition of robbery as attempted Hobbs Act robbery, is a crime of violence under § 924(c). I have found that unpublished decision persuasive and agreed that

---

[15] *United States v. Howard*, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) (unpublished), *as amended* June 24, 2016 (holding that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)).

[16] *See* 9th Cir. Model Crim. Jury Instructions, 8.143A Hobbs Act—Robbery or Attempted Robbery (added Sept. 2016, modified Dec. 2016); *see also Almanza–Arenas v. Lynch*, 815 F.3d 469, 480 (9th Cir. 2016) (en banc) (citing *Chavez–Solis v. Lynch*, 803 F.3d 1004, 1013 (9th Cir. 2015) ("pattern jury instructions are a useful tool" when applying the categorical approach)).

[17] 18 U.S.C. § 1951(b).

Hobbs Act robbery is indeed a crime of violence.[18] Because completed Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s force clause, attempted Hobbs Act robbery also qualifies as a crime of violence, as the force clause encompasses the attempted or threatened use of force. All other courts that have decided this issue agree that if completed Hobbs Act robbery is a crime of violence, then so is attempted Hobbs Act robbery.[19]

Johnson contends that "several cases establish that one can attempt to commit Hobbs Act robbery without actually using, attempting to use, or threatening to use violent, physical force."[20] He points to out-of-circuit cases in which the defendants were arrested after they planned and prepared to take part in a violent robbery, but before those plans could be carried out. But in those cases, it was not reasonably questioned that the defendants intended to commit the robbery using the actual, attempted, or threatened use of force. As the Seventh Circuit persuasively reasoned last year in *Hill v. United States*, "[w]hen the intent element of the attempted offense includes intent to commit violence against the person [or property] of another . . . it makes sense to say that the attempt crime itself includes violence as an element."[21] And Johnson has not

---

[18] See *United States v. Smith*, 215 F. Supp. 3d 1026, 1033–34 (D. Nev. 2016).

[19] *See, e.g., United States v. St. Hubert*, 883 F.3d 1319, 1329–34 (11th Cir. 2018) ("[I]f, as this Court has held, the taking of property from a person against his will in the forcible manner required by § 1951(b)(1) necessarily includes the use, attempted use, or threatened use of physical force, then by extension the attempted taking of such property from a person in the same manner must also include at least the 'attempted use' of force."); *United States v. Crawford*, 2018 WL 1123879, at *2 (W.D. Okla. Mar. 1, 2018); *Camacho v. United States*, 2018 WL 889456, at *9–10 (S.D. Fla. Jan. 22, 2018); *see also United States v. Pullia*, 2017 WL 5171218, at *4 (N.D. Ill. Nov. 8, 2017) (writing in dicta that "*attempted* Hobbs Act robbery may well rise to a crime of violence"); *United States v. Baires-Reyes*, 191 F. Supp. 3d 1046, 1050–51 (N.D. Cal. 2016) (writing in dicta that "[a]ttempted Hobbs Act robbery would in fact qualify as a crime of violence because the force clause explicitly encompasses *attempted* use of physical force"); *Morris v. United States*, 827 F.3d 696, 699 (7th Cir. 2016) (Hamilton, J., concurring) ("If the completed crime has as an element the actual use, attempted use, or threatened use of physical force against the person or property of another, then attempt to commit the crime necessarily includes an attempt to use or to threaten use of physical force against the person or property of another.").

[20] ECF No. 45 at 12.

[21] *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017) (finding that Illinois attempted murder is a crime of violence under the ACCA's force clause because the government must show intent to commit every element of murder to prove that a defendant is guilty of attempted murder).

7

pointed to any cases in which a defendant was found guilty of attempted Hobbs Act robbery but did not intend to use violence to accomplish that robbery.[22]

Johnson also argues that because conspiracy to commit Hobbs Act robbery does not constitute a crime of violence, attempt cannot either. But the Ninth Circuit has made clear that conspiracy to commit Hobbs Act robbery "requires only that the government show an agreement to commit a Hobbs Act violation, that defendant had knowledge of the conspiratorial goal, and that the defendant voluntarily participated in trying to accomplish this conspiratorial goal."[23] In stark contrast, to prove attempted robbery, the government must show that the defendant intended to commit every element of the robbery, including the intent to commit robbery by means of actual or threatened force, violence, or fear of injury.[24] So, attempted robbery categorically includes as an element the use, threatened use, or attempted use of force, while conspiracy to commit the robbery does not.

Next, Johnson contends that because attempted Hobbs Act robbery can be accomplished by placing someone in fear of injury, which does not amount to a threat of violent physical force, it is not categorically a crime of violence under the force clause.[25] But placing someone "in fear of injury, immediate or future" to his person or property necessarily requires the use of attempted use of "physical force" and thus satisfies the force clause.[26] The phrase "fear of injury" must be read in context with the rest of the words of the Hobbs Act.[27] The requirement that the taking be

---

[22] Nor could Johnson legitimately argue that he lacked that intent—he held up his victim at gunpoint in his attempt to commit his planned robbery.

[23] *United States v. Baires-Reyes*, 191 F. Supp. 3d 1046, 1050 (N.D. Cal. 2016) (citing *United States v. Si*, 343 F.3d 1116, 1123 (9th Cir. 2003)).

[24] *See id.* at 1050–51 (distinguishing Hobbs Act attempt and Hobbs Act conspiracy under § 924(c)'s force clause).

[25] ECF No. 42 at 16.

[26] *See U.S. v. Castleman*, 572 U.S. 157, 134 S. Ct. 1405, 1416–17 (2014) (Scalia, J., concurring) (stating that "it is impossible to cause bodily injury without using force 'capable of' producing that result").

[27] "[T]he words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 809 (1989).

8

from the person or in his presence further supports my conclusion that a fear of injury means a fear of physical injury, which requires the threatened or attempted use of physical force.[28] Any other interpretation would read the physical-proximity requirement out of § 1951(b)(1).[29] The legislative history of the Hobbs Act also supports this conclusion; the Act's robbery definition is based on the traditional definition of robbery, which requires an intentional taking through the use of force or violence.[30]

Finally, Johnson argues that because attempted Hobbs Act robbery can also be accomplished by placing someone in fear of injury to his *property*, it is not categorically a crime of violence under § 924(c).[31] But § 924(c)'s force clause encompasses crimes that have as an element the attempted use of physical force "against the person *or property* of another." So, attempted robbery that includes the attempted use of force against a person's property fits well within § 924(c)'s scope.[32] I thus conclude that attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause. Johnson's § 924(c)(1)(A)(ii) conviction and his

---

[28] Several other courts have reached this conclusion, and I find their reasoning persuasive. *See e.g., United States v. Williams*, 179 F. Supp. 3d 141, 151–52 (D. Me. 2016); *United States v. Pena*, 161 F. Supp. 3d 268, 275–76 (S.D.N.Y. 2016); *United States v. Lenzy*, 2016 WL 1019712, at *3 (N.D. Ga. Feb. 4, 2016); *United States v. Merinord*, 2015 WL 6457166, at *4–5 (E.D.N.C. Oct. 26, 2015); *United States v. Standberry*, 139 F. Supp. 3d 734, 738–40 (E.D. Va. 2015) (reasoning that "any act or threatened act [that] engenders fear of injury implicates force and potential violence").

[29] *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992) (stating that "courts should disfavor interpretations of statutes that render language superfluous").

[30] *See United States v. Farmer*, 73 F.3d 835, 842 (8th Cir. 1996) ("[R]obbery is defined in § 1951(b)(1), in terms consistent with the traditional common law definition, as the unlawful taking of personal property from the person or in the presence of another by force or violence"). Section 1951(b)(1)'s text was taken almost verbatim from New York's robbery statute at the time is was passed. *United States v. Nedley*, 255 F.2d 350, 355 (3d Cir. 1958) (reviewing legislative history).

[31] ECF No. 45 at 18.

[32] This analysis may lead to a different conclusion under the force clause contained in the ACCA or the United States Sentencing Guidelines. Those clauses more narrowly encompass only crimes that involve the use of physical force against a person. *See United States v. Edling*, 891 F.3d 1190, 1194 (9th Cir. 2018) (holding that Nevada robbery isn't a crime of violence under the Sentencing Guidelines' force clause because it criminalizes force to a person *or property*, while the force clause encompasses only the threatened use of force "against the person of another").

resulting 113-month sentence are not constitutionally infirm. So I deny Johnson's motion to vacate.

## C. Certificate of Appealability

To appeal this order, Johnson needs a certificate of appealability from a circuit or district judge.[33] In deciding whether to grant one, I consider if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[34] This standard is "lenient."[35]

Although I have endeavored to stay true to Ninth Circuit guidance in my ruling, when applying the "hopeless tangle" "of inconsistent case law" that makes up the categorical test, reasonable jurists reach varying conclusions.[36] The Ninth Circuit has not yet decided whether attempted Hobbs Act robbery is a crime of violence under § 924(c)'s force clause. I thus grant Johnson a certificate of appealability.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Harrison Johnson's motion to vacate his sentence [**ECF Nos. 41, 42**] is **DENIED.**

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED**.

Dated: July 19, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[33] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a).

[34] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotations omitted).

[35] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

[36] *United States v. Ladwig*, 192 F. Supp. 3d 1153 (E.D. Wash. 2016) (noting that this test "has stymied law clerks and judges alike in a morass of inconsistent case law").