UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff<br><br>v.<br><br>Harrison Johnson,<br><br>　　　　Defendant | Case No.: 2:12-cr-00336-JAD-CWH<br><br>**Order Denying Renewed Motion for Compassionate Release**<br><br>[ECF No. 72] |

Defendant Harrison Johnson has approximately 14 months left on his 113-month sentence for attempted Hobbs Act robbery and brandishing a firearm.[1] Last May, I denied his motion for compassionate release because he had not exhausted his administrative remedies and could not demonstrate that compelling reasons existed to justify his early release. He now renews that request arguing that, since I denied his last motion, he exhausted his administrative rights and that the conditions at the prison have worsened, justifying release.[2] Although I recognize that certain conditions may have changed, I deny Johnson's renewed motion because the 18 U.S.C. § 3553(a) factors weigh against his early release.

**Background**

Johnson was convicted under 18 U.S.C. § 1951(a) for attempted interference with commerce by robbery and under 18 U.S.C. § 924(c)(1)(A) for brandishing a firearm during that crime of violence. He was sentenced to 29 months for the robbery plus 84 months for the firearm offense, for a total of 113 months in custody, followed by five years of supervised

---

[1] ECF No. 39 (judgment).
[2] ECF No. 72.

release. Years ago, I denied Johnson's motion to invalidate his § 924 conviction under 28 U.S.C. § 2255. Johnson's appeal of that order remains pending before the Ninth Circuit.

Last year, Johnson sought compassionate release, arguing that he is at greater risk for serious illness or death should he contract COVID-19 because he suffers from asthma, obesity, and high blood pressure. I denied that request because he had not met the statutory exhaustion requirement, I found that the record failed to support his diagnoses, and the prison where he is incarcerated had not experienced any COVID cases. In that order, I also explained that despite those issues with Johnson's request, the 18 U.S.C. § 3553(a) factors still weighed in favor of maintaining his original sentence. Johnson also appealed that order.

Johnson now renews his motion for compassionate release, arguing that his ailments put him at high risk for COVID-19, which has now made its way to Beaumont USP.[3] Because of this, Johnson requests that his sentence be reduced to time-served or that he be released to home confinement.[4] The parties agree that Johnson's motion is ripe for review and that he has demonstrated that his medical conditions constitute extraordinary and compelling circumstances.[5] Despite that agreement, the government opposes Johnson's motion, arguing that the § 3553(a) factors weigh against his early release because he is still a danger to the community.[6] The parties also disagree about whether I have jurisdiction to resolve Johnson's renewed motion while Johnson's § 2255 appeal remains pending before the Ninth Circuit.[7]

---

[3] *Id.*

[4] *Id.* Johnson's request to serve his remaining sentence on home confinement is misplaced because decisions about where an inmate in BOP custody serves his sentence are vested exclusively in the BOP. *See* 18 U.S.C. §§ 3621(b), 3624.

[5] ECF Nos. 72, 73, 74.

[6] ECF No. 73.

[7] *Id.*

**Discussion**

**I.    This court has jurisdiction to deny Johnson's motion.**

The government argues that this court lacks jurisdiction over Johnson's renewed motion because his § 2255 appeal is pending in the Ninth Circuit. Johnson disagrees, arguing that I retain jurisdiction under 18 U.S.C. § 3582(c) because his appeal is distinct from the instant motion and would not be affected by a grant of compassionate release. Under Federal Rule of Criminal Procedure 37(a), "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may[,]" among other things, "deny the motion." Because I find that Johnson's renewed motion for compassionate release fails on its merits, I deny his motion, consistent with Federal Rule 37.

**II.    Johnson's renewed request**

A sentencing court's ability to modify or reduce a sentence once imposed is seriously limited.[8] The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[9] is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed to get the BOP to bring such a motion on his behalf.[10] The court must consider the facts set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."[11] This

---

[8] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[9] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

[10] 18 U.S.C. § 3582(c)(1)(A)(i).

[11] *Id.*

3

includes ensuring that the defendant "is not a danger to the safety of any other person or to the community."[12]

Since my last order denying Johnson's request for compassionate release, two things have changed: (1) Johnson exhausted his administrative rights to appeal before filing his renewed motion;[13] and (2) Beaumont USP has experienced positive COVID-19 cases. However, the number of positive cases is still low[14] and the § 3553(a) factors still weigh heavily against Johnson's early release because he remains a danger to the community.

### A. Johnson does not present extraordinary and compelling reasons.

Although the statute does not define "extraordinary and compelling circumstances," the U.S. Sentencing Commission has identified four categories of situations that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons."[15] Johnson contends that he falls into the medical-condition category because his asthma, obesity, and hypertension put him at greater risk for complications should he contract COVID-19. The government does not disagree that Johnson's heightened risk during the pandemic is an extraordinary and compelling circumstance.[16]

---

[12] U.S.S.G. § 1B1.13(2).

[13] *See* 18 U.S.C. § 3582(c)(1)(A).

[14] *COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (listing Beaumont USP as having two COVID-19 positive inmates and no positive staff members) (last visited Apr. 12, 2021); *USP Beaumont*, Bureau of Prisons, https://www.bop.gov/locations/institutions/bmp/ (listing the number of total inmates at Beaumont USP as 1,302) (last visited Apr. 12, 2021).

[15] U.S.S.G. 1B1.13, application note 1(A).

[16] ECF No. 73 at 5 ("[T]he combination of the pandemic and Johnson's medical conditions satisfies the extraordinary and compelling circumstances prong of the compassionate release analysis.").

4

Johnson argues that he suffers from obesity, hypertension, and asthma—all of which increase the risk of severe illness from COVID-19.[17] He adds that being in prison puts him at higher risk for getting COVID-19 and that Beaumont USP is not taking necessary measures to ensure inmate safety. Although I acknowledge the heightened risk that being in prison creates for contracting the virus,[18] the BOP has implemented a detailed COVID-19 response plan to combat this risk that has so far proven to be relatively successful. As evidence of the BOP's success, at Beaumont USP, only .002% of inmates currently have COVID-19, and only 17.6% have tested positive during their incarceration.[19] No inmates or staff members have died from the virus at Beaumont USP, suggesting that the BOP has the resources to help inmates recover from the virus.[20] The BOP has also started administering vaccinations to inmates.[21] While I recognize that Johnson's ailments present a higher risk for him, the prison appears able to lessen that risk and the number of vaccinated prisoners continues to rise, so I am not persuaded that

---

[17] *People with Certain Medical Conditions*, Centers for Disease Control (Mar. 29, 2021), https://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. I assume without deciding that Johnson's asthma is severe enough to create an increased risk should he contract COVID-19. I note that, as I explained in my last order, Johnson's medical records do not fully support his claim that his asthma is moderate-to-severe, which would put him at an increased risk for severe illness. *See Expert Panel Report 3: Guidelines for the Diagnosis and Management of Asthma*, U.S. Dep't of Health and Hum. Servs. 1, 74 (2007), https://www.nhlbi.nih.gov/sites/default/files/media/docs/EPR-3_Asthma_Full_Report_2007.pdf (explaining that individuals with moderate asthma have daily symptoms and some limit on normal activity); ECF Nos. 63-1 at 5 (demonstrating Johnson had not suffered asthma symptoms for many years and had a normal chest x-ray).

[18] *For People Living in Prisons and Jails*, Centers for Disease Control (Mar. 5, 2021), cdc.gov/coronavirus/2019-ncov/need-extra-precautions/living-prisons-jails.html.

[19] *COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Apr. 12, 2021).

[20] *Id.*

[21] *COVID-19 Vaccine Implementation*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Apr. 12, 2021). Between the three Beaumont facilities, the BOP has provided 297 staff members and 1272 inmates with the vaccine. *Id.*

Johnson's medical conditions represent extraordinary and compelling reasons to justify his early release from Beaumont USP at this time.

### B. The sentencing factors still weigh against release.

Even if Johnson's medical conditions are extraordinary and compelling reasons, under 18 U.S.C. § 3553(a), I must also consider several other factors before reducing his sentence, including the "nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to protect the public from further crimes of the defendant[.]" Johnson agrees that the nature and circumstances of his crime have not changed. Instead, he argues that his conduct during the last two years in prison shows that he is no longer a danger to the community. So I consider Johnson's time in prison and the strides he has taken to better himself. But while I recognize that Johnson has demonstrated good behavior over the last couple years, his stay in prison has not been without incident. As he notes, while in prison, he has been in trouble for possessing stolen property. I am thus not persuaded that the last two years without incident show that he is no longer a danger to the community.

Johnson's lengthy criminal history involving similar offenses and his inability to comply with supervised conditions has also not changed since his last request. Starting at the age of 13 and continuing until he was 24, Johnson racked up seven felony and seven misdemeanor convictions. Over the years, the crimes escalated from theft offenses to armed robberies with death threats. This robust criminal history and his inability to comply with supervised-release conditions[22] indicates that Johnson's likelihood of recidivism remains high.

---

[22] As I noted in my last denial order, Johnson's history contains several probation violations, revocations, and dishonorable discharges. ECF No. 65 at 8; see ECF No. 11.

There are also factors that weigh in favor of granting his release. To the extent they were available during his imprisonment, Johnson participated in treatment and completed some educational courses, including classes geared towards obtaining his GED. And Johnson earned good-time credit and has been preparing to reintegrate in the community upon his release.[23] It also appears that he has familial support from his sister who is willing to let him live with her after he serves his sentence.

While I recognize the steps Johnson's taken in the last couple years while incarcerated, the nature and circumstances of his crime remain serious—he held an events-center employee at gunpoint, demanded her money and purse, and threatened to shoot her if she moved from the ground where he previously ordered her. Those circumstances, combined with Johnson's lengthy criminal history, his continued misbehavior while in prison, the need to promote respect for the law and protect the public from Johnson's crime, and all other § 3553(a) factors weigh heavily against granting him compassionate release. So I deny Johnson's renewed motion.

## Conclusion

IT IS THEREFORE ORDERED that Johnson's renewed motion for compassionate release [**ECF No. 72**] is **DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
April 21, 2021

---

[23] ECF No. 72 at 21–22.